UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ISRAEL SARMIENTO-LECHUGA,

Petitioner,

v.

DAVE LINDEMANN, Special Agent Immigration Naturalization Services of United States of America, et al.,

Respondents.

Civil File No. 00-1200 (DWF/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

It appears from Petitioner's submissions that he is a Mexican alien who has been convicted of U.S. drug law offenses. He is currently serving a 120-month prison sentence at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). His

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to § 2241 proceedings. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED JUN 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

scheduled release date is January 13, 2006.

Under federal law, when an alien is serving a prison sentence for a deportable offense, the Attorney General, acting through the Immigration and Naturalization Service, (INS), must make arrangements to take custody of the alien upon his release from prison. 8 U.S.C. § 1226(c). To fulfill that responsibility, the INS typically issues a detainer, which informs the BOP of an alien's potential deportability, and requests the BOP's cooperation in order to ensure that the INS is able to secure custody of the alien when the BOP is ready to release him. 8 C.F.R. §287.7(a).[2]

In this case, the INS issued an "Immigration Detainer – Notice of Action" on December 22, 1997. (See Attachment to Petitioner's "Memorandum In Support of 2241," [Docket No. 2].) The detainer, which is addressed to FMC-Rochester, indicates that an "[i]nvestigation has been initiated to determine whether [Petitioner] is subject to removal from the United States" -- presumably because of his federal criminal conviction. The detainer also asks federal prison officials, inter alia, to "accept this notice as a detainer," to notify the INS "of the time of [Petitioner's] release at least 30 days prior to release or as far in advance as possible," and to notify the INS "in the event of the inmate's death or

[2] According to 8 C.F.R. § 287.7(a) --

> "A detainer serves to advise another law enforcement agency that the Service seeks custody of an alien presently in custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate custody is either impracticable or impossible."

transfer to another institution." (Id.) The detainer also specifically states that "[t]his is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he or she would otherwise receive." (Id.)

The INS agent who issued Petitioner's detainer, Dave Lindemann, is the named Respondent in this action.[3] As far as the Court can discern, Petitioner believes that Lindemann should be required to vacate the INS detainer at issue here, and that the INS should be required to immediately conduct a hearing to determine his deportability. For the reasons discussed below, the Court concludes that Petitioner cannot be granted the relief that he is seeking.

**II. DISCUSSION**

A writ of habeas corpus directs the custodian of a prisoner to release the prisoner from his confinement, if such confinement has been shown to be unlawful. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)("[t]he Writ of Habeas Corpus functions to grant relief from unlawful custody or imprisonment"), cert. denied, 490 U.S. 1082 (1989). If the prisoner is not in the custody of the party against whom relief is sought, then a writ of habeas corpus cannot be granted. Id.

In this case, Petitioner is currently in the custody of the federal Bureau of Prisons, ("BOP"), serving a prison sentence for his federal criminal offense. However, Petitioner

[3] The petition actually identifies the respondent in this matter as "Dave Lindemann, Special Agent Immigration Naturalization Services of United States of America, et al.," which suggests that Petitioner may have intended to name some other respondent(s). However, nothing in Petitioner's submissions suggests that he could be seeking relief from any party other than Mr. Lindemann or the INS itself.

is not challenging the propriety of the BOP's custody. He is not attacking his conviction or sentence; he is not challenging the fact or duration of his confinement; and he is not otherwise claiming that the BOP should release him any earlier than it is planning to do so.

Instead, it clearly appears that Petitioner is actually seeking relief from the INS. More specifically, he apparently is asking the Court to vacate the INS detainer and/or direct the INS to immediately conduct a hearing on his deportability. Such relief is not available by writ of habeas corpus, however, because Petitioner is not in INS custody at this time.

According to Campillo, an alien who is committed to the BOP to serve a federal prison sentence following a criminal conviction is considered to be in BOP custody -- not INS custody. 853 F.2d at 595. If the INS determines that an alien in BOP custody may be deportable, then the INS may deliver a detainer which notifies the BOP of the alien's potential deportability – which is what the INS did in Petitioner's case. By issuing such a detainer, however, the INS does not take a prisoner into custody. The detainer "merely notifies prison officials that a decision regarding [the alien's] deportation will be made by the INS at some future date." Id.

Thus, our Court of Appeals has expressly concluded that "[t]he filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." Id. The Court specifically rejected the suggestion that an INS detainer, such as the one issued in the present case, might give the INS constructive custody, or "technical custody," of an alien

who is serving a federal prison sentence in a BOP facility. In the words of the Court "[w]e do not believe that the filing of a detainer with prison officials amounts to the taking into custody, technical or otherwise, of the petitioner". Id. at 596.

Based on the holding in Campillo, the Court concludes that habeas corpus relief cannot be granted to Petitioner in this case, because he is not presently in the custody of the party against whom relief is sought -- namely the INS.[4] As long as Petitioner is not in INS custody and his deportability has not yet been formally addressed, the federal habeas corpus statutes do not provide a means to either (a) challenge the validity of his INS detainer, or (b) force the INS to expedite its resolution of his deportability.[5]

Furthermore, Petitioner is simply not entitled to any relief based on the allegations set forth in his current petition -- under the habeas corpus statutes or otherwise. He cannot prevail on his conclusory assertion that he is being deprived of due process, because there is no indication that the INS is depriving him of any constitutionally protected life, liberty or property interest without due process. Petitioner has not

---

[4] Decisions from other circuits are consistent with Campillo, and lend further support to the Court's conclusion. See, e.g., Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)("bare detainer letter does not sufficiently place an alien in INS custody to make Habeas corpus available"); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990)(same), cert. denied, 498 U.S. 1092 (1991); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)(same).

[5] The case cited in Petitioner's Memorandum, Alanis-Bustamante v. Reno, 201 F.3d 1303 (11th Cir. 2000), is inapposite. When the petitioner in that case filed his habeas corpus petition, he was actually in INS custody and was challenging an INS deportation order -- not a detainer. The instant Petitioner, however, is neither in INS custody nor challenging an INS deportation order. His circumstances are therefore substantially different from those confronting the petitioner in Alanis-Bustamante.

suggested how the mere issuance of an INS detainer could have caused him to be deprived of any interest that is subject to the protections of due process.[6]

Nor does Petitioner have any right to an expedited determination of his deportability. The Sixth Amendment's speedy trial provision is not applicable here, because deportation proceedings are civil in nature. Preito, 913 F.2d at 1161. For the same reason, Petitioner "has no remedy under the Interstate Agreement on Detainers." Id. See also, Gonzalez v. INS, 867 F.2d 1108 (8th Cir. 1989) (federal inmate has no statutory right to expeditious deportation hearing); Herbage v. Carlson, No. 92-1920 (8th Cir. 1992), 1992 WL 323466 (unpublished opinion) (district court properly dismissed habeas corpus petition filed by FMC-Rochester inmate "seeking an immediate deportation hearing by the [INS]").

---

[6] Petitioner cannot contend that the INS has deprived him of any protected liberty interest merely because its detainer has affected BOP decisions on his prisoner classification. That argument is foreclosed by Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989), in which our Court of Appeals considered whether a prisoner might be entitled to "mandamus or equitable relief... against prison officials for considering [an] INS detainer in assessing his security and custody classification." Id. at 260 (footnote omitted). The Court concluded that no such relief could be granted because, "[u]nder the applicable Bureau of Prisons regulations, prison officials can consider an INS detainer in assessing a prisoner's security and custody classification." Id. According to Mohammed, the BOP can properly consider Petitioner's detainer for purposes of determining his custody and security classification. See also Roberts v. Matthews, No. 88-3014-O, (D.Kan. 1990), 1990 WL 203153 at *1 (an INS detainer is not statutorily or constitutionally objectionable simply because it affects an inmate's status within the prison, because "[p]risoner classification... in the federal system is within the complete discretion of federal prison officials"); Walford v. INS, 48 F.3d 477, 478 (10th Cir. 1995) (INS detainer that prevented inmate from participating in prison programs did not trigger due process concerns); Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976) (rejecting inmate claim that detainer "adversely affect[ed] his prison classification and qualification for institutional programs" because "Congress has given federal prison officials full discretion to control these conditions of confinement").

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner is not currently entitled to any relief, (under 28 U.S.C. § 2241 or otherwise), based on the allegations set forth in his various submissions. It is therefore recommended that the instant petition be summarily dismissed. Given the Court's resolution of Petitioner's habeas corpus claims, it is further recommended that his "Motion For Speedy Trial Or Disposition Of Warrant(s) Information, Indictment," (Docket No. 3), be summarily denied.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's "Motion For Speedy Trial Or Disposition Of Warrant(s) Information, Indictment," (Docket No. 3), be DENIED; and

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED.

Dated: June 14th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.